RHESA HAWKINS BARKSDALE, Circuit Judge,
with whom EDITH H. JONES and CLEMENT, Circuit Judges, join, concurring in part and dissenting in part:

The theory of probabilities is at bottom nothing but common sense reduced to calculus.

Pierre Simon de LaPlace, Oeuvres, vol. VII, Théorie Analytique des Probabilitiés [1812-1820], introduction (emphasis added).
Common sense is the key to applying the “otherwise involves conduct” portion of U.S.S.G. § 4Bl.l(a)(2). Along that line, I concur in the following standard set by the majority:
Based on the language in § 4B1.2(a)(2) and in [its] Application Note 1, we hold that a crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person. Injury to another need not be a certain result, but it must be clear from the indictment that the crime itself or the conduct specifically charged posed this senous potential risk.
Maj. Opn. at 314 (emphasis added). I must respectfully dissent, however, from its holding that, under this controlling standard, Charles’ conduct does not constitute a crime of violence.
*315 The operative phrase in § 4B 1.2(a)(2)— “othenvise involves conduct that [by its nature, app. n. 1] presents a serious potential risk of injury to another” (emphasis added) — contains, for purposes of probabilities, a somewhat unusual use of the word “serious”. Of course, “potential” is understood as “possible”; “risk”, as “chance”. 2 The New SHORTER Oxford English Dictionary 2310, 2609 (1993). But, what does “serious” add to the mix?
“Serious” does not modify “injury”, as in “serious bodily injury”. See, e.g., U.S.S.G. § 1B1.1 app. n. l(i) (2001). Instead, it modifies “potential risk”: “serious potential risk”. As so employed, “serious” means “of significant degree or amount, worthy of consideration”. Id. at 2785. It does not mean that injury to another is probable. At bottom, § 4B1.2(a)(2) calls for the application of common sense.
Therefore, for Charles’ car theft to constitute a crime of violence, there must have been a “significant possible chance” of injury to a person when, as detailed in the conduct charged in his indictment, Charles “unlawfully appropriated] ... an automobile ... and intentionally operated] it”. (Emphasis added.) In the light of this charged conduct, and contrary to the majority’s apparent view, far more is at stake than “simple car theft”. For example, because the charged conduct included Charles’ operating the stolen vehicle, the theft took on an additional, dangerous characteristic: the unauthorized operation of the vehicle.
Common sense (not to mention judicial notice) informs us of the numerous “significant possible chances” of injury to another that come into play when an automobile is stolen and then operated by the thief. Not infrequently, for such, or similar, circumstances, we read or hear about such injuries, including deaths. In these circumstances, there is a “significant possible chance” of injury: to the person(s) from whom the vehicle is stolen, or who might otherwise be in or near the vehicle; and to persons in the vicinity of the automobile when it is operated under the attendant stress to the thief and urgency to escape with the vehicle, resulting in quite likely dangerous driving and the serious risk of a collision or hitting someone not in a vehicle. Add to this the extra, even greater, “significant possible chance” of injury to another if, at or near the time of the theft, or even later, the thief driving (operating) the stolen vehicle is pursued by police, especially at highspeed and, most especially if, as a result, the fleeing thief and/or pursuing police are not stopping for stop signs or red lights.
In short, common sense tells us that, for the conduct charged, the possible combinations of factors leading to injury to another are almost limitless. A fortiori, I cannot understand how the charged conduct does not equate with a “serious potential risk of physical injury to another”. Surely, it does. Accordingly, I must respectfully dissent from the majority’s holding otherwise.